I concur with the majority's decision finding plaintiff's right patellar fracture compensable and their conclusion that plaintiff's back condition was not compensable. However, I respectfully disagree with the majority's decision finding plaintiff's right knee meniscal tear compensable. The competent evidence demonstrates that the meniscal tear to plaintiff's right knee was not causally related to her injury by accident but rather was due to her pre-existing degenerative knee condition.
Plaintiff testified that she fell on her right knee. She did not testify and there is not evidence that she twisted her knee when she fell. Dr. McAvoy has treated plaintiff's pre-existing, right knee degenerative joint disease since at least May 2003, almost two years prior to her injury by accident. Dr. McAvoy also treated plaintiff's right knee shortly after her injury by accident. He opined that plaintiff's meniscal tear was related to the degenerative changes in her knee rather than the fall she suffered on January 13, 2005. Dr. McAvoy further explained that it is very rare for a patella fracture and meniscal tear to happen at the same time, as the mechanism for the two injuries is very different. He explained that meniscal tears occur with a twisting injury rather than a fall directly on the front of the knee. Furthermore, Dr. Martin, who treated plaintiff after Dr. McAvoy released her, also testified that when he examined plaintiff he found no unstable ligaments nor did plaintiff's symptoms indicate that she suffered from a meniscal tear. *Page 13 
Dr. Bloem, who began treating plaintiff approximately seven and one-half months after the accident and over four months after plaintiff's full duty release, agreed that the most common form of injury for a meniscal tear involves a twisting movement and that degenerative joint disease can cause meniscal tears. Dr. Bloem further opined that a gigantic force that explodes the patella into multiple fragments could potentially tear ligaments in the meniscus. Dr. Bloem then testified that is was his opinion that plaintiff's meniscal tear was caused by plaintiff's fall at work. However, there is no testimony or evidence in the record suggesting that when plaintiff fell on her knee that the fall was of such a gigantic force that her patella smashed into multiple fragments. In fact, the medical evidence reveals plaintiff suffered a minimally displaced fracture that merely required non-surgical treatment in the form of a knee immobilizer.
I believe that more weight should be given to Dr. McAvoy that Dr. Bloem. Dr. Bloem's opinion regarding the cause of the meniscal tear is based upon evidence that is not in the record. As such, I believe his opinion amounts to speculation and plaintiff has failed to carry the burden of proving by competent evidence that a causal relationship exists between the alleged work-related accident and her right knee meniscal tear. Click v. Freight Carriers, 300 N.C. 164, 265 S.E.2d 389
(1980).
For these reasons, I believe the Opinion and Award of Deputy Commissioner Rideout should be reversed as to the compensability of plaintiff's right knee meniscal tear.
 S/_____________ DIANNE C. SELLERS COMMISSIONER *Page 1